HONORABLE BARBARA J. ROTHSTEIN

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

vPersonalize Inc.,

    Plaintiff,

v.

Magnetize Consultants Ltd. (*dba* Kit Builder),

    Defendant.

Case No.: 2:18-CV-01836-BJR

**ORDER DENYING MOTION TO TRANSFER VENUE**

Defendant Magnetize Consultants Ltd. (Magnetize) filed a motion to transfer this case to what it claims is the "more appropriate and convenient" venue of the Eastern District of Pennsylvania. The choice of the Eastern District of Pennsylvania appears to be based solely on the fact that non-party Inksewn USA Corp., referred to in the First Amended Complaint as an entity through which Magnetize allegedly misappropriated trade secrets, has its place of business in Philadelphia, Pennsylvania. Magnetize's place of business is the United Kingdom, and it claims that none of its employees, agents, or operations are located in the United States (or the State of Washington). Plaintiff vPersonalize, Inc. is a California company with its principal place of business in San Francisco.

Defendant claims that vPersonalize chose to file its complaint in the Western District of Washington: (1) for the convenience of Plaintiff's counsel of record (whose law firm—which also

handles patent prosecution for vPersonalize before the USPTO—is in Seattle); and (2) for the inconvenience of Defendant.

28 U.S.C. § 404(a), on which Magnetize's motion is based, provides "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute has two requirements on its face: (1) that the transferee district is one in which the action 'might have been brought,' and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice. There appears to be no disagreement as to the first requirement; vPersonalize has alleged that Magnetize, among other things, "improperly obtained access to vPersonalize's proprietary product, patterns, software code and technical documents through at least one third-party, Inksewn USA Corp," which is based in Philadelphia, Pennsylvania. Am. Compl. ¶ 26.

Thus the only issue for the Court to resolve is whether a transfer would be "for the convenience of parties and witnesses, and in the interest of justice." The Ninth Circuit has outlined factors to weigh in such consideration:

(1) the location where the relevant agreements were negotiated and executed,

(2) the state that is most familiar with the governing law,

(3) the plaintiff's choice of forum,

(4) the respective parties' contacts with the forum,

(5) the contacts relating to the plaintiff's cause of action in the chosen forum,

(6) the differences in the costs of litigation in the two forums,

(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses,

(8) the ease of access to sources of proof, and

1    (9) the relevant public policy of the forum state, if any.

*See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Without going through each of these factors in detail, it appears that the most salient issues are: Plaintiff's counsel is located Seattle, but otherwise neither party has more significant contact with the Western District of Washington than the Eastern District of Pennsylvania; some of the witnesses pertaining to vPersonalize's trade secrets claims may reside in Philadelphia; Philadelphia is closer than Seattle to Magnetize's place of business in the U.K.; Pennsylvania's trade secrets law, unlike Washington's version of the same law, allows recovery of expenses to the prevailing party, which Magnetize claims will be substantial given the amount of travel that will be involved in the litigation.

  Of course, the most relevant factor for the Court's consideration is that Plaintiff has chosen to file suit in this district. As vPersonalize emphasizes, a plaintiff is allowed deference in its choice of forum, and no one denies that this Court has jurisdiction over this matter, and that venue in this district is proper, if not optimal for Defendant. Plaintiff notes non-party Inksewn, on which Magnetize relies in support of its motion, also does business in Washington, and that Magnetize has failed to demonstrate that in any event, Inksewn witnesses would be "unwilling" to appear in this district if called. Finally much, if not most, of the transactions involved in the alleged infringements and misappropriations took place, if at all, over the internet, not in any specific physical locale.

  It is well settled that the courts will not disturb a plaintiff's original choice of forum "unless the 'private interest' and the 'public interest' factors strongly favor" dismissal. *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1180 (9th Cir. 2006). Defendant has failed to identify any public interests unique to Pennsylvania, or that favor Pennsylvania over Washington; its private

ORDER DENYING MOTION
TO TRANSFER VENUE
Case No.: 2:18-CV-01836-BJR    -3-

1 | interests include, at most, the convenience of only the Defendant, and perhaps of non-party
2 | Inksewn, and arguably even then, not. The convenience to Plaintiff of having its counsel located
3 | in the district in which the suit was filed, by contrast, cannot be disputed.

Based upon the foregoing analysis, the Court hereby DENIES Magnetize's Motion to Transfer Venue.

Dated this 12th day of September, 2019.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

# CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2019 PST, I caused the foregoing *[Proposed] Protective Order* to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mudit Kakar
Boyoon Choi
Choi Capital Law, PLLC
2101 Fourth Avenue, Suite 1570
Seattle, WA 98121
Email: m.kakar@choicapitallaw.com
Email: b.choi@choicapitallaw.com
*Attorneys for Plaintiff*

    By: /s/ Seth A. Watkins
    Seth A Watkins (D.C. Bar # 467470)*
* admitted *pro hac vice*
    Watkins Law & Advocacy, PLLC
    1455 Pennsylvania Avenue NW, Suite 400
    Washington, DC 20004
    (202) 355-9421
    Fax: (202) 355-9424
    Email: watkins@wlapllc.com
    Attorney for Defendant