1    HONORABLE BARBARA J. ROTHSTEIN

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**
                **FOR THE WESTERN DISTRICT OF WASHINGTON**
7                          **AT SEATTLE**

8    vPersonalize Inc.,
                                              Case No.:  2:18-CV-01836-BJR
9            Plaintiff,
                                              **ORDER DENYING JOINT MOTION**
10        v.                                  **TO QUASH SUBPOENAS**

     Magnetize Consultants Ltd. (*dba* Kit Builder),
11
             Defendant.
12

13        The Court is in receipt of the Joint Motion to Quash Subpoenas filed by third parties Robert

14   Lee Hagelshaw and Balamurugan Selvarajan ("Respondents"). That motion asks the Court to

15   quash two subpoenas, directed at Respondents, seeking documents and things related to prior

16   litigation involving Respondents and, allegedly, the patents-in-suit, related 3D software design

17   projects, and other matters that may be relevant to this litigation.

18        The limits of discovery, including subpoenas directed at third parties, are governed by

19   federal rule. Those rules contemplate liberal discovery, to be allowed in the interests of justice and

20   the fair and complete resolution of disputes. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain

21   discovery regarding any matter, not privileged, which is relevant to the subject matter involved in

22   the pending action."). Relevancy for the purposes of Rule 26 is broadly construed. *See, e.g., Katz*

23   *v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993).

24

1          Critically here, the Respondents are not unrelated non-parties, strangers to the subject

2    matter of this litigation. According to documents submitted by Defendant, they are Plaintiff

3    vPersonalize's CEO (Selvarajan), and CFO, General Counsel, and Secretary (Hagelshaw); and

4    both serve as corporate directors of the Plaintiff. Moreover, Respondents have failed to meet the

5    burden, which is theirs, of demonstrating that the documents and things being sought are beyond

6    the scope of this litigation, are unduly burdensome, or are irrelevant.  The Court therefore DENIES

7    the Joint Motion to Quash.

8          Dated this 7th day of October, 2019.

9

10

11                                        Barbara Jacobs Rothstein
                                          U.S. District Court Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER RE MOTION TO QUASH

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2019 PST, I caused the foregoing *[Proposed] Protective Order* to be:

☒     electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mudit Kakar
Boyoon Choi
Choi Capital Law, PLLC
2101 Fourth Avenue, Suite 1570
Seattle, WA 98121
Email: m.kakar@choicapitallaw.com
Email: b.choi@choicapitallaw.com
*Attorneys for Plaintiff*

By: /s/ Seth A. Watkins
     Seth A Watkins (D.C. Bar # 467470)*
* admitted *pro hac vice*
     Watkins Law & Advocacy, PLLC
     1455 Pennsylvania Avenue NW, Suite 400
     Washington, DC 20004
     (202) 355-9421
     Fax: (202) 355-9424
     Email: watkins@wlapllc.com
     Attorney for Defendant