UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| vPersonalize Inc.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Magnetize Consultants Ltd. (*dba* Kit Builder),<br><br>　　　　Defendant. | Case No.: 2:18-CV-01836-BJR<br><br>**ORDER RE: (1) MOTION TO STRIKE; (2) MOTION TO COMPEL REMOVAL OF SOURCE CODE DESIGNATION; (3) MOTION FOR CONTEMPT; (4) MOTION TO ENFORCE PROTECTIVE ORDER; AND (5) MOTION TO COMPEL RE: SECOND SET OF DISCOVERY REQUESTS; AND**<br><br>**STRIKING CASE SCHEDULE** |

This matter comes before the Court on a number of discovery motions. On January 22, 2020, the Court heard oral argument on the motions, and found as ruled as follows.[1]

## I. DISCOVERY MOTIONS

1. <u>Motion to Strike Infringement Contentions</u> (Dkt. No. 51)

Defendant's Motion to Strike Infringement Contentions asks the Court to strike several contentions in Plaintiff's Infringement Contentions. Defendant argues that a number of the contested contentions are vague, conclusory, or otherwise inadequate. During oral argument, the

---

[1] The Court notes that some of the deadlines referenced in this Order have passed; however, any such deadlines were set by the Court during the January 22, 2020 oral argument.

ORDER RE: DISCOVERY MOTIONS

Case No.: 2:18-CV-01836-BJR　　　　　　　　1

parties advised the Court that Plaintiff would supplement its contentions. Therefore, the Court GRANTS Defendant's Motion to Strike as follows. Plaintiff is ordered to amend and/or supplement its contentions, to be served on Defendant no later than February 5, 2020. Contentions that remain inadequate will be subject to being stricken. Defendant may respond with supplemental non-infringement contentions, no later than 14 days after Plaintiff's supplemented contentions are served.

> 2. <u>Motion to Compel Defendant to Remove Restricted Confidential - Source Code Designation From Exhibit A to Defendant's Non-Infringement Contentions and Accompanying Exhibits</u> (Dkt. No. 85)

This Motion asks the Court to order Defendant to remove the "Restricted Confidential-Source Code" ("RC-SC") designation from portions of Defendant's Exhibit A to its Non-Infringement Contentions. Plaintiff objects that Defendant has used the designation for material that is not source code, and/or is publicly available information. Defendant responds that the material in question, while not in all cases strictly source code, is highly confidential and reveals information about the code that would not be obvious to a user of the software.

Plaintiff did not file a reply to Defendant's opposition to this motion, and counsel was unable during oral argument to articulate the specific nature of the need to share the RS-SC-designated material with the client, other than generally that the client is a "technical person" who can help counsel make its arguments. Furthermore, ease of filing is not sufficient justification for ordering removal of the designation. Given the importance of "erring on the side of caution," as Defendant urges, the Court declines to order Defendant to remove the designation. Once out, the information cannot be recalled. If at some point Plaintiff's counsel is able to identify a specific, articulable need to share the material with their client, the Court may revisit this issue.

3. Motion for Contempt (Dkt. No. 108)

In its Motion for Contempt, Defendant avers that Plaintiff has failed to fully and adequately respond to Defendant's First Set of Discovery Requests. Plaintiff claims it has nothing left to produce. Being unable to prove a negative, the Court GRANTS this motion as follows: Plaintiff shall produce any and all responsive material not already produced. Plaintiff will not be allowed to rely on any documents in response to this request not produced on or by January 27, 2020, in response to a Rule 11 motion or otherwise. Furthermore, Plaintiff shall be deemed to have waived any argument or theories not outlined in the response to the Interrogatory No. 1 on the subject of its pre-filing investigations regarding non-infringement or invalidity. In light of this ruling, Plaintiff also has until January 27, 2020 to supplement its response to that interrogatory.

4. Motion to Enforce the Protective Order in View of Violations of the Prosecution Bar (Dkt. No. 113)

Defendant's Motion to Enforce the Protective Order accuses Plaintiff's counsel of violating the prosecution bar contained in the parties' Protective Order. Each side argued its interpretation of the language and intent of the prosecution bar. Without ruling on the reasonableness of either side's reading, the Court DENIES Defendant's request to sanction Plaintiff, and declines to disqualify counsel from further representing the Plaintiff in this matter. Nevertheless, the Court advises Plaintiff's counsel that going forward, before counsel undertakes any action that could even arguably be in violation of the prosecution bar, counsel shall first seek permission of this Court. Failure to comply with this direction may result in sanctions, including disqualification.

5. Motion to Compel Regarding Second Set of Interrogatories and Requests for Production to Plaintiff (Dkt. No. 115)

Defendant's Motion to Compel responses to Defendant's Second Set of Interrogatories and Requests for Production (SSIRFPs) claims Plaintiff's responses to the SSIRFPs are inadequate.

ORDER RE: DISCOVERY MOTIONS

Specifically, Defendant argues Plaintiff's responses were untimely; lack requisite specificity as to 17 of the 20 interrogatories; and contain frivolous objections. The Court agrees with Defendant that Plaintiff's responses were untimely, inadequate, and contained inappropriate objections, and GRANTS Defendant's Motion to Compel. By its untimeliness, Plaintiff has waived its objections to the SSIRFPs. Furthermore, Plaintiff shall supplement its responses to include full and complete narrative responses to the interrogatories at issue. Such responses shall be served on Defendant no later than February 5, 2020. Plaintiff will not be allowed to rely in future proceedings on any documents or arguments, responsive to these requests, not produced by that date.

## II.     CASE SCHEDULE

At the hearing Defendant asked the Court to hold the case schedule in abeyance pending resolution of the Motion to Dismiss. The Court recognizes that certain deadlines will be difficult to meet given the progress of this case to date. Therefore, the Court hereby strikes all remaining scheduling deadlines in this case. Within five days of issuance of the Court's Order on the Motion to Dismiss, the parties shall meet and confer and submit to the Court a single proposed revised case schedule for the remaining dates, up to and including the trial date.

## III.     CONCLUSION

For the foregoing reasons, Defendant's Motions are GRANTED and DENIED as set forth above. Plaintiff's Motion to Compel is DENIED.

The Court takes this opportunity to note that this case has presented a greater than usual number of discovery and scheduling disputes, many of which counsel should have been able to resolve without the Court's intervention. Discovery is undeniably a strategic process, but naked, unexcused truculence will not be countenanced. Going forward, counsel is advised to evaluate

ORDER RE: DISCOVERY MOTIONS

1 carefully, based on the Court's rulings to date, whether disagreements must be settled by the Court,

2 or are better resolved between counsel. Frivolous disputes may result in sanctions, including an

3 award of attorneys' fees to the prevailing party.

4 Dated this 3rd day of February, 2020.

*signature*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER RE: DISCOVERY MOTIONS