UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

vPersonalize Inc.,

        *Plaintiff*,

    v.

Magnetize Consultants Ltd.,
(*dba* Kit Builder)

        *Defendant*.

CASE NO. 2:18-cv-01836-BJR

ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY

## I. INTRODUCTION

Before the Court are two motions: (1) Defendant Magnetize Consultants Ltd.'s Motion for Attorneys' Fees and Costs, Dkt. No. 156, and (2) Plaintiff vPersonalize Inc.'s Motion for Leave to File Plaintiff's Surreply in Opposition to Defendant's Motion for Attorneys' Fees and Costs, Dkt. No. 197. Having reviewed both motions, oppositions thereto, the record of the case, and the relevant legal authorities, the Court will deny both motions. The reasoning for the Court's decision follows.

1

## II. BACKGROUND

The Court has set forth the facts of this matter previously in its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss. *See* Dkt. 152 at 2–7.

In brief, the matter involves Plaintiff's allegation that Defendant infringed Plaintiff's patents for automating the design and manufacture of custom-printed apparel and misappropriated its trade secrets. Plaintiff's First Amended Complaint contained five counts, including Counts I-III for Infringement of the '280 Patent,[1] '172 Patent, and '886 Patent, respectively, and Count IV-V for Misappropriation of Trade Secrets in violation of the Defend Trade Secrets Act of 2016 and the Washington Uniform Trade Secrets Act, respectively. Dkt. No. 22 at 9–13.

Based on parties' representations that Plaintiff no longer asserted infringement of the '172 Patent, the Court granted dismissal of Count II in October of 2019. Dkt. No. 95. Then, in February of 2020, the Court granted dismissal of Counts III and V, pursuant to a motion to dismiss submitted by Defendant, but denied dismissal of Counts I and IV. Dkt. No. 152. Shortly thereafter, on February 13, 2020, Plaintiff posted notice of the voluntary dismissal of Counts I and IV and the Court administratively closed the case on the same day. Dkt. No. 155.

On February 28, 2020, fifteen days after the formal closing of this matter, Defendant submitted the pending Motion for Attorneys' Fees and Costs. Dkt. No. 156. After full briefing on the motion, Plaintiff submitted the also pending Motion for Leave to File a Surreply, Dkt. No. 197, along with a copy of the surreply it seeks leave to file, Dkt. No. 198.

---

[1] Where not otherwise stated, the Court adopts the defined terms designated in its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss. Dkt. No. 152.

### III.   DISCUSSION

**A. Surreply**

Under the local rules of this Court, a party seeking to "strike material contained in or attached to a reply brief . . . may file a surreply requesting that the court strike the material." Local Rules W.D. Wash. LCR 7(g). This Court's standing order elaborates on this requirement, stating that "[l]eave of Court must be obtained to file a sur-reply." Dkt. No. 26 at 2. Surreplies must address the materials the movant claims should be stricken as inappropriate as "[e]xtraneous argument or a surreply filed for any other reason will not be considered." LCR 7(g)(2); *see also Farnes v. Metro. Grp. Prop. & Cas. Ins. Co.*, No. 18-cv-1882, 2019 WL 4044102, at *1 (W.D. Wash. July 31, 2019). One appropriate ground for a request to strike is the well-established rule that "courts will not consider new arguments raised for the first time in a reply brief." *Wild Fish Conservancy v. U.S. Envtl. Prot. Agency*, 331 F. Supp. 3d 1210, 1220 n.3 (W.D. Wash. 2018) (quoting *Bach v. Forever Living Prod. U.S., Inc.*, 473 F. Supp. 2d 1110, 1122 n.6 (W.D. Wash. 2007))

Plaintiff argues that leave to file should be granted because Defendant, in its reply in support of the motion for attorneys' fees, raised two new arguments necessitating a response: (1) a request that the Court issue a final judgment and (2) an article justifying the rates charged by Defendant's counsel. Dkt. No. 197 at 2–3.

The Court finds that Plaintiff's motion and surreply do not substantively address new arguments requiring a surreply. Both grounds Plaintiff identifies as new arguments were, in fact, responses to arguments advanced by Plaintiff in its response to the motion for attorneys' fees that (1) no judgment had been issued in this case, Dkt. No. 184 at 4–8, and (2) that Defendant's

3

counsel's fees were "unconscionable," *id.* at 16. As such, the Court will deny Plaintiff's Motion and will consider the underlying motion without reference to Plaintiff's surreply.

**B. Attorneys' Fees and Costs**

Defendant claims it is entitled to attorneys' fees and costs under four statutes: (1) 35 U.S.C. § 285; (2) 28 U.S.C. § 1927; (3) RCW § 19.108.040; and (4) RCW § 4.84.185. Dkt. No. 156 at 2.

*1.  35 U.S.C. § 285*

35 U.S.C. § 285 provides that the Court in a patent infringement suit may award reasonable attorney fees to a prevailing party "in exceptional cases." 35 U.S.C. § 285; *see also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014) ("[t]he power [to award attorney fees in patent cases] is reserved for 'exceptional' cases"). In deciding whether a case is exceptional, the Court looks to the totality of the circumstances. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (per curiam) (citing *Octane Fitness*, 572 U.S. at 553); *see also Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 325 F. Supp. 3d 1116, 1123 (W.D. Wash. 2018), *aff'd*, 946 F.3d 1367 (Fed. Cir. 2020). As the Supreme Court explained in *Octane Fitness*, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. This included consideration of a nonexclusive list of factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6; *see also SunEarth*, 839 F.3d at 1181.

*2. 28 U.S.C. § 1927*

28 U.S.C. § 1927 provides that the Court may order "[a]ny attorney or other person admitted to conduct cases . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Where ordered, these sanctions must be accompanied by a finding that the sanctioned attorney "acted recklessly or in bad faith" or committed intentional misconduct. *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982); *see also In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) ("[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent") (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)).

*3. RCW § 19.108.040*

RCW § 19.108.040 mirrors 35 U.S.C. § 285 and provides that, "[i]f a claim of misappropriation is made in bad faith . . . or wilful [sic] and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party." RCW § 19.108.040. Under the statute, "'malicious' connotes a level of ill will or improper motive not captured by 'without just cause or excuse'" and, instead, is akin to "as a result of ill will or improper motive." *ADA Motors, Inc. v. Butler*, 432 P.3d 445, 453 (Wash. Ct. App. 2018); *see also Boeing Co. v. Sierracin Corp.*, 738 P.2d 665, 680–81, 682–83 (Wash. 1987).

*4. RCW § 4.84.185*

Finally, RCW § 4.84.185 provides that, "upon written findings by the judge that the action . . . was frivolous and advanced without reasonable cause," the Court may order the nonprevailing

5

party to pay the prevailing party "reasonable expenses," including attorneys' fees. RCW § 4.84.185. For a court to award such expenses, it must determine that the entire lawsuit meets this standard, rather than one or more claims therein. *Kilduff v. San Juan Cty.*, 453 P.3d 719, 728 (Wash. 2019) (citing *Biggs v. Vail*, 830 P.2d 350, 352 (Wash. 1992)). "A frivolous action is one that cannot be supported by any rational argument on the law or facts." *Hanna v. Margitan*, 373 P.3d 300, 308 (Wash. Ct. App. 2016) (quoting *Rhinehart v. Seattle Times, Inc.*, 798 P.2d 1155, 1160 (Wash. Ct. App. 1990)).

5. *Denial of Fees*

The Court finds that it can address all four statutes at the same time as there is much overlap between exceptional cases involving frivolous or meritless initiation of suit and vexatious or bad faith prosecution once begun.

At no point in this case has the Court made a written finding that the case was frivolous or that Plaintiff or its attorneys acted bad faith. *See* Dkts. No. 95, 97, 153 at 3. Further, while some of Plaintiff's claims were dismissed for failure to state a claim or abandoned by Plaintiff once litigation commenced, this does not make those claims, or the lawsuit as a whole, meritless. In fact, at least two of Plaintiff's claims survived Defendant's motion to dismiss, lending credence to the contention that at least some of Plaintiff's case contained merit.

Furthermore, as regards Plaintiff's delay and obstruction of discovery, while the Court does not condone the manner in which Plaintiff's counsel conducted discovery, the Court already instituted a reasonable consequence in finding that Plaintiff waived attorney-client privilege objections both by its untimely response to the requests and by its failure to offer any valid explanation therefor. Dkt. No. 95; Dkt. No. 97. As a result, Plaintiff was ordered to turn over *all*

responsive documents.  Such a penalty was proportional and sufficient at that time.

Based on the foregoing, the Court will not award attorneys' fees and expenses to Defendant.

### IV.   CONCLUSION

Having found that Defendant is not entitled to recover attorneys' fees and costs, the Court need not address the issue of timing raised by Plaintiff.  Dkt. No. 184 at 7–8.  The Court will, however, enter a formal judgment in this case, as requested by Defendant.  Dkt. No. 191 at 11.

The Court hereby DENIES Defendant's Motion for Attorneys' Fees and Costs, Dkt. No. 156, and DENIES Plaintiff's Motion for Leave to File Plaintiff's Surreply in Opposition to Defendant's Motion for Attorneys' Fees and Costs, Dkt. No. 197.

DATED this 15th day of May, 2020.

*Barbara J. Rothstein*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE